May it please the Court. Good morning, Your Honors. Sung Park appearing on behalf of the petitioner. I believe that the case of Delholm v. Ramirez, which was decided by this Court last month, controls this case. In Delholm, this Court reaffirmed that an application for post-conviction review is pending in the absence of unduly delay while a petitioner completes a full round of State collateral review. It also reaffirmed that a petitioner should be entitled to a tolling for the entire time his first round of review is pending. In Delholm, this Court addressed the issue of overlapping filing of habeas petition. While Delholm's first round of habeas petition was pending, he filed multiple habeas petitions in the Superior Court as well as in the California Court of Appeals. And this Court held that the tolling of Delholm's first round of review was not affected by his filing overlapping petitions during the pendency of that round, his first round. Well, are you referring to his petitions for writ of mandamus as overlapping habeas petitions? I'll get to that, Your Honor. Well, is that what you're referencing in this argument, or are you talking about something else? No. Our first argument is that Mr. Carl's filing of writ of mandamus was not a habeas petition. Therefore, there was no overlapping filing. I don't see how it could be a habeas petition when all it was doing was seeking clarification of the first Superior Court's order. How is that a habeas? I mean, didn't you at the counsel for the government just in the previous case said you really have to look at what is the subject matter. You can't go by hell. You have to say what is this claim. That's correct, Your Honor. In this matter, my client filed a petition for writ of mandate asking the court of appeal to order the Superior Court to explain the reasons for its denial of his habeas petition. He wasn't filing a separate habeas petition in the court of appeals. He wasn't raising the original claims in the court of appeals. All he did was file a petition for writ of mandate to have the Superior Court explain the reasons as to why it denied its petition. And when that writ of mandate was denied by the court of appeals, and as the deputy attorney general in the previous case stated, the California court of appeals could have treated that petition as a petition for writ of habeas corpus, depending on the content of the petition. However, the California court of appeals treated it as a writ of mandate, petition for writ of mandate, and denied it. And upon the denial of that petition, Mr. Carl filed a petition for writ of habeas corpus. And once that petition was denied, he followed it up with another petition in the California Supreme Court. So our argument is that he was completing his first round of collateral review. Even if the government argues that the petition for writ of mandate was somehow a petition for writ of habeas corpus, Delhome case states that overlapping does not affect the tolling of the statute of limitations during the first round of the collateral review. Are you aware of the even more recent case, King v. Roe? By the Ninth Circuit, Your Honor? Mm-hmm. No, I'm not aware. August 18, 2003. When was it decided? August 18, 2003. Okay. Delhome was decided August 15. And somehow that case escaped me. Well, it's actually even more helpful to your case. It holds that where a subsequent petition merely elaborates on facts or seeks subsequent, in quotes, or seeks to correct deficiencies in the first habeas petition, the petitioner is still making proper use of State court procedures under Nino v. Galazza. Okay. If that case is more helpful, then we would rely on that case as well. He'll take it. He'll take it. That's correct, Your Honor. It's nice to look at it and maybe give your – I don't know. I'll be asking the same question of your opposing counsel if he's had a chance to review it or could comment on it. Okay. And then the government also makes an argument that it was unduly delayed. However, my client filed it a little bit after 6 months, and we would submit that that's not an unduly delay of filing a subsequent habeas petition in a higher court. Are you – does the case of Welch v. Newland, which we've now issued an order saying that we're going to take it en banc, affect your case? I'm not sure, Your Honor. I think the point is should we wait for Welch to come down before we issue a decision on this case? Do you know what Welch said with now withdrawn panel opinion? No, I'm not quite sure. The issues presented in that case? All right. Thank you, Your Honor. We don't want to ask you to comment on it. All right. Thank you. Thank you, counsel. Good morning, Your Honors. Deputy Attorney General Rahm Emanuel on behalf of Respondent and Appellee Los Angeles Superior Court. If I could start, I'd just like to comment on the Court's questions that I heard in the previous argument here. The petition and the State habeas in this case, they were not overlapping as the petitions in Delholm and I believe in Biggs. The petitions in this case, his first habeas petition in the California Court of Appeal, he filed that, and then it was denied by the California Court of Appeal with a citation to N. Ray Swain, which is a landmark California habeas case, stating that he failed to state with sufficient particularity his claim. Then he waits more than six months. He files a second habeas petition in the California Court of Appeal, and then that petition was denied. I believe that one was denied with a citation to some California cases that dealt with that specific issue, which in this case was whether a sentence enhancement was an improper ex post facto law. So we don't have the case here of Delholm where we have overlapping petitions. We have one petition filed at the Court of Appeal. It was denied. And a second petition was started up more than six months later. But the first petition that was denied sought what relief? It sought a clarification from the Court of Appeal or, I'm sorry, from the Superior Court on its denial of the writ of habeas corpus. Given that, is the citation by the Court of Appeal in denying that request for writ of mandate apt? I would say it is, Your Honor. Because? Because the Court of Appeal, in denying that claim, it can't read into the Petitioner's mind what he's trying to state. Now, he may have stated it inarticulately, and I think he did in the first petition. But the Court of Appeal's job is to look at the petition, and as my prior colleague said, that a petition for writ of mandate will often be treated as a petition for writ of habeas corpus. But what I'm really after is, is I would read that first petition when all he's really asking for is an explanation. And he is so naive as to think that the rules actually mean what they say, that, in fact, the Court is required to explain. I don't see that that's an independent petition for certiorari. That's simply asking the Court of Appeal to direct the Superior Court to do its job with respect to a petition that has previously been filed and denied. That does not look to me like a habeas petition. Your Honor, I can't say for certain what Petitioner was intending to do. But you can say for certain what he said. The first petition said, his contention, he had one, Superior Court's refusal to provide brief of its fact-finding and legal conclusions is in direct conflict with express requirements of California Rules of Court, Rule 268. That's pretty clear. That's what he said. That is what he said. And then the California Court of Appeal, according to the record, they treated that as a petition for writ of habeas corpus, that claim. And then when they denied it, he waited more than six months to file the same claim he filed in the Superior Court to begin with, which was the subject of his habeas corpus proceedings. It might have taken him six months to realize that the California Court of Appeal, I mean, sometimes messages are hard to absorb. And if the California Court of Appeal totally blew him off, maybe he had a little regrouping to do. Would your argument be, would you be here arguing if he had made, if that first petition for writ of mandate had never been filed and that the first time he filed anything in the Court of Appeal was the second petition that he filed, would you be here arguing at all? Yes, Your Honor. And what would you then be saying? Then I would say that the seven-and-a-half months between the denial of the petition in the L.A. Superior Court and the filing of that second petition, which we're in this hypothetical are calling the first petition, would be an unreasonable delay of seven-and-a-half months, I would be arguing. And is that consistent with the practice of the California courts, a seven-and-a-half months unreasonable delay? Well, it's – I wouldn't say it's consistent practice, no. Well, then, I'm not sure that would be a very good argument. I would argue that. You know, that is an issue in Welch. The California courts are all over the place. That's going to be decided perhaps in Welch. Perhaps. Perhaps it will be decided that it is an issue. And the California courts are not consistent. I'm not asking you to argue Welch, but there are some nine-year delays that have been okay, subsequently denied on the merits. So six-and-a-half months doesn't seem like all that much. That's true. There have been delays of years, as you state. Especially since during that nine months or the time period here, he was actually trying to get relief in another form of not get relief on the merits of his claims, but try to get the court of appeals to have the superior court explain what it did so he could take it up. I mean, that's how I would read it, saying, tell me why you're denying my petition for habeas corpus, so that once I know why, then I can go to the next level and say why this was wrong. I would argue, Your Honor, that that runs – that what you're saying is logical, but what this petitioner did doesn't – afterwards, filing the same exact claim that he filed in the Los Angeles superior court, he didn't need six-and-a-half months to do that. He was trying to get reasons. He never got reasons, so he gave up and just went and tried the next level. He did try the next level, but he tried that after six-and-a-half months – I'm sorry, he tried the same level after six-and-a-half – or a little over six months after that same level had denied a different claim. Maybe he spent six-and-a-half months after that first denial of the petition saying, well, I guess I'm not going to get any explanation out of the courts. Maybe I should ask, you know, whatever lawyer friends I can ask. Maybe there's something in a book. I mean, you expect him to sort of – he wanted reasons. He couldn't get reasons. He's supposed to, in your view, within a month or two of that, just file the same darn thing. Well, why is it unreasonable for him to try to do a little more research when the court won't help him? Even though the court seems by its own rules to be required to do so. I wouldn't argue – or I would say that there's a case to be made for the first 30 or 60 days. But outside of 60 days, I would argue – Maybe he's a slow reader. Yeah, but the court's order was not that long in this case. Well, but that's not what he's trying to read. I mean, if the court had given him an explanation, he maybe could have read that. I guess one way of looking at it is that California has created a hyper-technical system that would be extremely difficult for someone to figure out and comply with. But since it doesn't enforce the rules anyway, the Ninth Circuit has pretty much thrown in the towel on trying to apply the AEDPA statute of limitations to it. And the Supreme Court has said that's what we have to do, at least for one full round. And I would say that, you know, considering the vagueness and the ambiguity of the California rules, that in this case, the fact that the petitioner filed the same exact claim that he filed in the L.A. Superior Court, if he would have been adding new claims and researching new evidence or looking for new evidence and then waited six months or a year, then maybe an argument could be made. I guess your position would be if the court doesn't do what they're supposed to do, he can just file his habeas with the next level up. Exactly. And that's a linear progression that Nino and Currie themselves stop and speak to. And the defendant, the Respondent in his habeas won't be protected by a reasoned opinion from the lower court, because there wasn't one. I'm sorry. The Respondent won't have the protection of a reasoned opinion explaining why his petition was turned down below. If that's the case, then that's the case. What you're saying seems to go against Clark, because Clark says to the extent that new grounds for relief are stated. You're saying you should have new grounds. But they say to the extent new grounds for relief are stated, the petition fails to demonstrate these claims could not have been asserted in the prior petition or that any of the claims could not have been presented by a petition filed in conjunction with the appeal. And so they're not going to consider it, because it's a successive petition. No, but if we're looking at the unreasonable delay aspect of this petition, what I'm arguing is that in this case, he was just raising the same exact claim. And this was six months apart. Or in the case of the Superior Court petition and the Court of Appeals' second petition, it was seven and a half months apart. So he wasn't raising different claims. He was raising the same claim. I was only offering as — To reasonableness, not to the fact that it would have been barred. Exactly. Okay. That's pretty much of a catch-22, isn't it? Well, I mean — Anyway, let me — look. Wouldn't just a really clear rule for us to adopt would be to say, you know, we can't spend, you know, months trying to figure out what this Court of Appeals meant in this decision, in this Superior Court, and were they treating it as habeas and were they treating it as mandamus, or was it a clarification, was it a first, was it a second? We'll just go with the — we'll just start it from the last denial by the highest court in California and run EDPA from there. Wouldn't that just be the clearest rule, given that you aren't — don't seem to be making progress in making your — the California's process orderly? That may make it easier for this Court, but I would argue that that's not a good rule. Why? Because, you know, numerous things can happen before that last denial. And I don't think Petitioners, like the instant Petitioner, should be rewarded for going between levels, going back down to levels, as in Dell Home filing, overlapping petitions. But why should that be the Federal court's problem? Why isn't that a California State problem? It is a California State court's problem. I don't think Congress, when they enacted EDPA, their purpose was to streamline habeas corpus, to make us — to have us spend less time on habeas, you know, cutting off claims after a year. You know, this is so contrary to what the obvious purpose of that statute was, for us to be spending hours trying to figure out, well, what did this mean, and was this period reasonable? And California says six different things on the subject. Well, one thing I might add, as we stated in our supplemental brief, is this Court has the authority to certify a question to the California Supreme Court to ask it for a specific time. Hey, that's a really good idea. Should I take the six cases on timeline that we have this week and send them over there? I mean, that's a great idea. We've got a lot of cases. I'll tell them you said so. Just don't use my name. But that question could be certified as to at least where is a — The problem with it is, is that it's mostly pro ses, and it's like following anthrax. They're in any rational order of proceedings. Every case is different. So you get unique paths traced by the unique pro ses, And no particular question that we ask is going to be very helpful for the next case. I suppose if we come up with some simple scheme, such as a year from when the California Supreme Court issues a postcard denial, then the word will get around the prisons just keep horsing around in the lower courts and don't file anything in the California Supreme Court. I don't know how we can solve this problem until you have a legislative solution. Now, you're the second Deputy Attorney General to appear in front of us. We've got a third one showing up. So we'll make the same plea to you that we made to the first one, and we'll make the same plea to the third one. Would you please go back to your boss and suggest to him that his life, as well as our life, would be easier with some legislative solution? And ask him to talk to his political consultants about how to make it politically acceptable. There's many ways, I'm sure. I'll certainly pass that along to my boss. In Alaska, this would be very easy, because legislators like passing non-controversial bills that simply advance the efficiency of the system. I don't know what it's like in California. Yes, you do. Well, my time is up, but I just have to wrap up. Just to recapsule real quickly, the Petitioner in this case, as addressing this Court's particular question, he should not be entitled to tolling between petitions, State petitions filed at the same level of review, and that if this Court is inclined to grant him tolling in that circumstance, we would argue that the six or more than six-month delay between the denial of the first California Court of Appeal petition and the filing of the second Court of Appeal petition in this case was untimely, and it was an unreasonable delay as determined by the cases. Thank you, Counsel. Thank you. Counsel, I think you saved a little time. I can't remember for sure. Comment, Your Honor. Just would like to point out that the Court of Appeals did not rule on the second habeas petition as successive nor untimely. The Court of Appeals ruled on the merit. Therefore, the Court of Appeals could have barred it on a procedural ground, which it didn't. Therefore, we would submit that it was not successive nor untimely.  Thank you. Thank you, Counsel. Car v. Los Angeles Superior Court is submitted.
judges: Kleinfeld, Wardlaw, W Fletcher